## DOAN et al., Respondents, v. SLOAN, Appellant.

*Limitations — Adverse Possession.* — A defendant, setting up the defense of the statute of limitations against the legal title, must show that his possession was adverse under claim of ownership, and that it had continued a sufficient length of time to bar the owner and those claiming under him. The burden of proof is upon the defendant to show at what time his possession became adverse to the legal title.

### *Appeal from St. Louis Circuit Court.*

This was an action in ejectment. The answer put in issue the allegations of the petition, and by way of defense set up the statute of limitations. In 1842 George Morton owned the premises. The plaintiffs gave in evidence a sheriff's deed to Daniel D.

Page, dated August 6, 1842, made under a judgment against Morton; a deed of trust from Page and wife to S. B. Kellogg, trustee, dated October 2, 1857; and a deed (made after a sale under the deed of trust) from Kellogg, trustee, to plaintiffs, dated October 8, 1864.

The defendant offered evidence tending to show an adverse possession by himself, and also exhibited a deed from Morton to himself, dated November 6, 1862. Plaintiffs also presented evidence to rebut the defendant's adverse possession.

For the plaintiffs, the court gave the following instruction, to which defendant excepted:

"The defendant, in order to prove a defense under the statute of limitations, must show that the possession set up as a defense was adverse to plaintiffs, and those under whom plaintiffs claim title; and that if, from the time of the execution of the deed of the sheriff of St. Louis county to Daniel D. Page, given in evidence by plaintiffs, such possession was not adverse to said Page, the defendant must show when it became adverse, and that such adverse possession of defendant commenced under a claim of title or ownership of said defendant as owning the same for at least ten years before the commencement of this suit, and so continued uninterruptedly and adverse to plaintiffs, and those under whom plaintiffs claim title, for at least ten years prior to the commencement of this suit."

For the defendant, the court gave the following instructions:

1. If the jury find from the evidence that the fee of the premises in question, in the year 1842 and prior thereto, was in George Morton; that the sheriff's deed, read in evidence by the plaintiffs, is genuine; and that the defendant entered into the premises sued for as early as 1842 or 1843, and that he has ever since continued in possession, adverse to D. D. Page, then it was competent for said Page, to whom said sheriff's deed was made, to sue for the possession of the land at any time within twenty years from the date of the defendant's first entry into the premises in question.

2. If the jury find from the evidence that, for a period of ten years and upward next before the commencement of this suit,

the defendant has held actual, visible, undisturbed, and continuous possession of the premises in question, claiming them as his own, and that such possession of the defendant during all that time has been adverse to the plaintiffs and the party under whom they claim, then they cannot recover in this action, and the jury should find for the defendant.

The court refused to give the following instruction asked by the defendant, and the defendant excepted: "If the jury find from the evidence that the defendant entered into the possession of the premises in question in the year 1842 or 1843, and that he has ever since continued in the possession thereof, and if the jury also find from the evidence that the defendant's said possession has been visible or notorious, and that he, during that time, has exercised acts of ownership over the premises, then the jury may presume that the defendant holds possession of said premises under a claim of title or right thereto."

After the jury had retired, they returned and asked the court the following questions: 1. "The jury wish to know whether the court instructs the jury that the defendant must have proved that he holds adverse to D. D. Page and those claiming under him?" and were told "the court so instructs the jury." 2. "Must the defendant have proved that such adverse possession must be proved by a claim of title or ownership adverse to said plaintiffs, besides the peaceable, notorious, continued, visible possession?" "The court so instructs the jury; that is to say, it must be proved affirmatively by the defendant that he held adverse possession of the property for at least ten years before the suit was brought, and that he held it during that period as the owner of it, not recognizing any body else as owner, and not occupying it as a mere squatter claiming no right to the property."

*Krum, Decker & Krum*, for appellant.

I. The court below erred in giving the instruction asked by the plaintiffs. This instruction is directed to the adverse possession of the defendant. Considered by itself, this instruction does not assert the law correctly on this point. The only interpretation that can be given to it is that the possession of the defendant

was not adverse unless he proved that it commenced under a claim of title.    The succeeding words—" or ownership of the defendant as owning the same " — instead of qualifying the preceding phrase, " claim of title," make it stronger.    No one can doubt how the jury interpreted this instruction.    The questions propounded by the jury to the court, after they had retired to consider of their verdict, show most conclusively that the jury understood this instruction to mean that the defendant must prove that he had possession of the *locus in quo* under a claim of title ; that it was not sufficient for the defendant to possess the premises and claim them as his own, but that the claim must be accompanied by an assertion of title, and that this assertion of title must be proved affirmatively.    The jury was misled by this instruction.    It was sufficient if the defendant had actual, visible, continuous, and undisturbed possession of the premises, claiming them as his own, no matter whether his claim was founded on a paper title or not.    The law does not require him to prove that he asserted his claim under a title, in the common acceptation of that word.

II.    The instruction just considered is inconsistent and contradictory to the one directed to the same question and given at the instance of the defendant.    The instruction of the defendant on this point asserts the correct rule of law, and is to the effect that if the defendant held the actual, visible, continuous, and undisturbed possession of the premises in question, claiming them as his own, to the exclusion of the plaintiffs, for ten years next before the suit, such possession is a bar to the plaintiffs' recovery.

III.    After they had been some time considering their verdict, the court below gave an additional instruction, which amounts simply to an abstract proposition of law.    The court, in an instruction single and complete in itself, tells the jury that the defendant must prove that he held the premises in question adversely to Daniel D. Page and those claiming under him.    The court does not inform the jury what facts, if proved, will constitute adverse possession, but leaves the jury to interpret the law for themselves. The court below repeated to the jury its previous error in respect to claim of title by defendant, but in a worse form.

8—VOL. XLII.

IV. The law in respect to adverse possession, as stated in the second instruction asked by the defendant, and given to the jury by the court below, is the true rule and was the law applicable to the facts of this case. The instruction should have been allowed to stand before the jury, unclogged by ambiguous explanations or qualifications. There was no necessity for explanation or qualification. It was shown in evidence, and there was no rebutting proof, that the defendant, for a period of ten years and upward before the suit was begun, held the actual, exclusive, visible, continuous, and undisturbed possession of the premises, claiming them as his own; and very strong circumstantial proof was shown that both Page and the plaintiffs had full knowledge of defendant's exclusive claim of possession during all that time. Not only is such a possession adverse and sufficient to bar the plaintiffs' right of entry, but, under the law in this State, gives absolute title against all parties not excepted by the statute. (Biddle v. Mellon, 13 Mo. 335; Menkens v. Ovenhouse, 22 Mo. 70–75; Schultz v. Arnot, 33 Mo. 172; Clemens v. Runckel, 34 Mo. 44; De Graw v. Taylor, 37 Mo. 310; 11 Peters 41; 8 Serg. & R. 21.)

V. Possession of land may be adverse without written evidence of right or claim to enter thereon. (24 Ill. 372.)

VI. The court below erred in not giving the instruction refused for the defendant. This instruction is founded on the theory of presumptions. The point in it is that a claim of title or right to land may be presumed from a possession of the character and duration specified in the instruction. (1 Greenleaf on Ev. § 14.) As the statute of limitations is fitly termed a statute of repose, it should receive a fair and liberal construction. The whole spirit of the law governing the construction of statutes of this character, and the rules of evidence, concur in support of the proposition contained in the instruction now under consideration. There is no reason in fact or in law why a claim of title or right may not be inferred or presumed from facts proved in a case like this, as is done in other similar cases. In many cases such inferences or presumptions are drawn *ex necessitate rei*, and the law upholds them.

*Glover & Shepley,* for respondents.

I. It is in any case a substantive part of a title in defense, set up under the statute of limitations, that the possession should be shown to be adverse. This must be done even when the party claims under a recorded deed. The jury must be satisfied that the possession was adverse. It would not, of course, require such evidence in the case of a party claiming under a deed as it would when the party relied alone upon possession. But the element of the possession being adverse is just as essential in the one case as the other.

II. It is especially necessary to make such proof when, as in this case, the possession set up is without any color of title. There was no other color of title exhibited except the deed of Morton to Sloan in 1862. There was no evidence that Morton claimed it, nor any evidence that Sloan claimed as owner, except that of collecting nominal rent. (Ang. on Lim. 404.)

III. The instructions given properly presented the law applicable to the case. The first given for the plaintiff and the one given on behalf of the defendant both held that, to enable the defendant to successfully set up the statute of limitations as a defense, he must show as one of the elements that the possession was adverse. There is no contradiction between the two. The one given on behalf of the plaintiff goes further than the other, and holds that if the possession, when it commenced, was not adverse, then it was incumbent upon the defendant to show when it became so. There was nothing in the instruction given for the plaintiff calculated to mislead the jury, or that could have misled them, and their questions to the court show that they were not misled.

IV. There was no evidence tending to show that the possession was adverse to the true title—certainly none that could warrant the jury in finding the fact of an adverse possession.

V. The court committed no error in its answer to the inquiries of the jury. It is objected to the answer to the first inquiry that it is a mere abstract proposition of law, and therefore objectionable. The inquiry of the jury was not upon a new subject or

for any new law, but to find out what the court meant by the instructions already given to them. To that the court made a fitting response. The response of the court to the second question of the jury was in all respects proper, and the jury were not misled by it. They fully understood the distinction between title and ownership.

WAGNER, Judge, delivered the opinion of the court.

The giving and refusing of instructions constitute the errors complained of in this cause. The defendant went into possession of the premises under Morton; and if he claimed to hold or possess them adversely to the Page title, it devolved on him to show at what time the adverse possession commenced. Whilst it is true that the statute of limitations is to be regarded as a statute of repose, a party relying on the statute, to be protected under it, must show such possession as will bring his case within its provisions. If the defendant's title is not adverse, or under a claim of title for the requisite time, to be set up as a bar, there is nothing on which to invoke the aid of the statute. The instruction given on behalf of the plaintiffs tells the jury that the defendant, in order to prove a defense under the statute of limitations, must show that the possession set up as a defense was adverse to the plaintiffs, and those under whom the plaintiffs claim title; and that if, from the time of the execution of the deed from the sheriff of St. Louis county to Daniel D. Page, given in evidence by plaintiffs, such possession was not adverse to said Page, the defendant must show when it became adverse, and that such adverse possession of defendant commenced under a claim of title or ownership of said defendant as owning the same for at least ten years before the commencement of the suit, and so continued uninterruptedly and adverse to plaintiffs, and those under whom plaintiffs claim title, for at least ten years prior to the commencement of the suit.

The second instruction given for the defendant told the jury that if they believed from the evidence that, for a period of ten years and upward next before the commencement of the suit, the defendant had actual, visible, undisturbed, and continuous possession of the premises in question, claiming them as his own,

and that such possession of the defendant during all that time had been adverse to the plaintiffs and the party under whom they claimed, then they could not recover in the action, and the jury should find for the defendant.

There is no such inconsistency in these two instructions as would be calculated to mislead, and taken together they declare the law correctly and in accordance with the doctrine established by the prior decisions of this court. There is nothing objectionable in the action of the court below in the answers given to the inquiries of the jury when they came into court for information. The additional instruction amounted to nothing more than a reiteration of the law as previously declared, couched in language more direct, plain, and comprehensible. Upon the whole case, we have failed to discover any error.

Judgment affirmed. The other judges concur.